(92 Misc. Rep. 301)

### LEVEY v. HOGAN.

(Supreme Court, Special Term, New York County. November, 1915.)

JUDGMENT ⬤➾167—DEFAULT—VACATION.

Plaintiff's counsel agreed to notify defendant's counsel when the case would be tried. He gave an ambiguous notice as to the date of trial, and did not answer a telegram asking for more particular information. A default was thus obtained. *Held* that, in view of the agreement, the default would be set aside without terms, and costs imposed against plaintiff for opposing the motion.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. ⬤➾167.]

Action by Isidor Levey, doing business as the See-Ell System, against Charles Hogan. On motion to open defendant's default at Trial Term. Motion granted.

Jay C. Bardo, of Harrisville (Kilby & Norris, of Carthage, of counsel), for the motion.

Jacob S. Katzman, of New York City, opposed.

GIEGERICH, J. The defendant's counsel, who comes from the northern part of the state, refrained from opposing the plaintiff's motion for a preference, imposing only one condition, and that was that

the attorney for the plaintiff should notify the member of the firm with whom the interview was had when the case would be reached for trial. The attorney for the plaintiff makes no explicit denial of such an agreement. Among other things, at that interview, it is undisputed that such counsel for the defendant said that, as he practiced up the state, he was unfamiliar with the practice down here regarding the short-cause calendar. He alleges in one of the moving affidavits that the attorney for the plaintiff also stated at such interview that the case could not be reached before some time in December, 1915, and also assured him that the notice he would give him would be in sufficient time before the case would be reached, so that there would be ample opportunity to secure his witnesses and appear for trial, stating, further, that it would not be to his own interest to take a default. The plainiff's attorney, in his opposing affidavit, denies that he informed such defendant's counsel that the trial of this action could not be reached before some time in December, 1915, but admits that he stated to him that he could not tell exactly for what date the court would set the trial, but volunteered to notify him of the exact date immediately after the motion to place the cause on the short-cause calendar was granted.

On this issue of fact, and on all issues of fact between the plaintiff's attorney and one of said counsel for the defendant, I believe and accept the statements of the latter, which are corroborated by the affidavit of a brother attorney who was present at the interview. It appears from the opposing affidavit that after the above-mentioned interview a memorandum appeared in the New York Law Journal of October 5, 1915, to the effect that the motion to place the cause on the short-cause calendar had been granted, and that the trial had been set for October 11, 1915. It is significant that no claim is made by the plaintiff's attorney that he ever served or mailed a copy of the order setting the date of trial either upon the defendant's attorney, whose office is in Harrisville, Lewis county, N. Y., or upon the defendant's counsel, whose office is in the village of Carthage, Jefferson county, N. Y.; but, instead of so doing, on October 6, 1915, he sent to Messrs. Norris & Kilby, the defendant's counsel, at their office in Carthage, N. Y., an ambiguous letter, running as follows:

"Please be informed that the motion for an order short-causing the above-entitled case was granted and same was advanced to special calendar for October 11, 1915."

On October 8th, which was Friday, the defendant's counsel telegraphed to the plaintiff's attorney as follows:

"Does your letter of October 6th mean that case of Levy v. Hogan is ready for trial on October 11th, or that October 11th is beginning of special calendar? Please wire us, collect, upon receipt of this message, as we must come to New York immediately if case is reached for Monday."

The attorney for the plaintiff ignored this telegram and promptly proceeded to take judgment by default on Monday, the 11th. He himself states in his affidavit that the order granting the preference set the trial for October 11th; but, instead of so notifying the defendant's counsel, he employed the ambiguous language contained in his letter,

and by his unexplained failure to answer the telegram lends color to a suspicion that he intended to mislead. But, however that may be, it is clear beyond question that when he deliberately refrained from answering the telegram, and clearing up the doubt which he then, at any rate, knew was in the mind of the defendant's counsel, he intentionally violated his agreement to give the promised information. A curious commentary on the mental processes of the plaintiff's attorney, or of his conception of the mental processes of the court, is found in the fact that in two places in his affidavit he persists in swearing that he notified the defendant's counsel that the case "was set down for trial on October 11, 1915," by the letter above quoted.

Looking at the matter now from the standpoint of the defendant's counsel, it does not seem to me that they can fairly be charged with any negligence in the matter. When they failed to receive an answer to their telegram, they might have taken other steps to obtain the desired information, though at that distance and in so short a time it might have been difficult. It would seem, however, after they had been assured by the plaintiff's attorney that the case would not be marked for trial until December, and he failed to telegraph the information they desired as to whether the case would be brought on for trial on Monday, that they were warranted in assuming, when they received no answer to their telegram, that the letter they had received meant that October 11th was the day on which the preferred calendar would begin, and was not the day on which their case would be called for trial, and that the plaintiff's attorney had not telegraphed them because there was no urgency, and that he would, later on, let them know definitely when the case would come on for trial, after sufficient progress had been made on the supposed calendar to enable him to give them more definite information as to the day when the case would be reached for trial.

After the default was taken the plaintiff's attorney, in reply to a communication received from the defendant's counsel asking upon what terms he would agree to open the default, stated that he would do so upon condition that the defendant pay the costs as taxed, amounting to $69.90, and in addition thereto file a bond for the face amount of the claim, which offer he deemed fair, in view of the trouble and expense to which the plaintiff had been put to in the preparation and trial of this cause. I think, however, in view of the circumstances above detailed, the default should be opened without terms, and that $10 costs should be imposed against the plaintiff for opposing the motion.

The motion to open the default and to set aside the judgment is therefore granted, without terms, and with $10 costs to the defendant. Settle order on five days' notice.